IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIMBERLY J COX,

    Plaintiff,

v.                                                      CASE NO. 1:07-cv-00236-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that the Decision of the Commissioner Be Reversed, and this Cause Be Remanded for Further Proceedings. The government did not file objections, but the Plaintiff filed partial objections at Doc. 21.

In short, the Magistrate Judge correctly recommends that substantial evidence did not exist to support a finding of significant medical improvement in February of 2001. In fact, the Court agrees that the evidence supports a finding of medical deterioration rather than improvement at that time. The Magistrate Judge therefore recommends that the matter be remanded to the Commissioner for further consideration with the limitation that there is no evidence supporting a finding of significant medical improvement in February, 2001. The Magistrate Judge recommends that the Administration be directed to determine when disability ceased after that date, if in fact it did. Plaintiff, in Doc. 21, objects to this scope of remand, stating

> Magistrate Kornblum then recommends remanding the case to the Defendant for further proceedings. Such a remand implies that the Administration may decide

that Plaintiff's condition improved on some date other than February 4, 2001. However, that was not an argument made by Defendant, so that hypothetical issue is not before the court.

While the Court agrees that such issue was not before the Court in this appeal, that fact does not prevent the Administration for considering those issues on remand, where the overarching issue is when disability benefits started and ceased, if at all. As the Magistrate Judge wrote,

> However, there is no medical evidence in the record supporting when disability ceased, if in fact it did. If the ALJ finds that disability ceased in October 2003, then based on his previous findings, as amended, Plaintiff would be entitled to a closed period of disability from May 15, 1998, through October 2003, and she should be awarded these back benefits. However, if there is evidence that her disability ceased over 12 months prior to July 25, 2003, she is again precluded from receiving a closed period of disability pursuant to 20 CFR §404.320. These finer points of her eligibility should be left to the Administration to determine upon remand.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The decision of the Commissioner is **REVERSED**, and this cause is **REMANDED** for further proceedings.

**DONE AND ORDERED** this _25th_ day of September, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge