IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIMBERLY J COX,

    Plaintiff,

v.                                           CASE NO. 1-07-cv-00236-MP -AK

MICHAEL J ASTRUE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 29, Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1).  The Commissioner has filed a response, Doc. 30, indicating that he does not have a specific objection to the amount of the request but asking the Court to conduct a reasonableness inquiry.  The Court agrees that although the amount is uncontested, the Court must still make an independent determination of the "reasonableness" of any fee awarded pursuant to § 406(b).  See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08, 122 S. Ct. 1817, 1828 (2002).  To aid in the Court's assessment of the reasonableness of the fee yielded by the fee agreement, the Court required the plaintiff's attorney to submit a record of the hours spent representing the claimant and a statement of his normal hourly billing charge for non-contingent-fee cases.  The plaintiff's attorney did so at Doc. 33.  For the reasons given below, the fee request is granted.

Although the Gisbrecht Court is clear that a 406(b) fee award should be reviewed for reasonableness, the Eleventh Circuit and the Supreme Court have not expressly set out exactly how this "reasonableness" should be determined.  Prior to Gisbrecht, several circuits engaged in

a simple lodestar analysis to determine the appropriate § 406(b) fee for an attorney who represented a successful plaintiff.  As with other lodestar determinations, see Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Norman v. Hous. Auth., 836 F.2d 1292, 1303 (11th Cir.1988), the court would simply multiply the reasonable number of hours expended by a reasonable hourly rate to arrive at a lodestar fee, which it could then increase or decrease by any significant contingencies in the case.  In Gisbrecht, the Supreme Court rejected this use of the lodestar method when the attorney fees claimed under § 406(b) were based on a contingency fee agreement between the attorney and the claimant.  See Gisbrecht, 535 U.S. 789, 795-805, 122 S.Ct. 1817, 152 L.Ed.2d 996.  Instead, the Court appears to be instructing district courts to start with the expectation that the contingency fee arrangement is reasonable if it is within the 25% statutory limit, but then consider whether certain factors render the fee unreasonable.  The Court directed:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.... If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.... If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.... In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.... Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).

Thus, the undersigned agrees with our sister Court that "[t]he question of 'reasonableness' should not be . . . one of whether a contingent fee is reasonable if converted to

an hourly rate." <u>McKee v. Commissioner of Social Security</u>, 2008 WL 4456453, *5 (M.D.Fla.,2008). The <u>McKee</u> offered the following excellent support for that principle:

> Unlike hourly rates in a given legal market, contingent fee systems rely on expected values: the projected award of fees discounted by the probability of obtaining an award and the often extensive delay before a final determination is made on a claim. This "expected value" analysis is absent from hourly fee calculations.
>
> For Social Security benefits cases, the discount for the low probability of success is substantial. For the Court to hear his case, [a plaintiff] first had to lose four times: during his initial application to the SSA, again on reconsideration of that application, a third time at a hearing before an administrative law judge, and finally before the SSA's Appeals Council. Even once [a plaintiff] finally reached this Court, he faced an extremely deferential standard. In cases where a district court reviews a decision issued by the SSA, the court must affirm the SSA's decision if it is supported by substantial evidence, even if the court finds that the proof preponderates against the decision. <u>Dyer v. Barnhard</u>, 395 F.3d 1206, 1210 (11th Cir.2005). The court may not reweigh the evidence or substitute its own judgment. <u>Id.</u>

<u>McKee</u>, 2008 WL 4456453 at *5.

The Court will therefore not re-inject the pre-<u>Gisbrecht</u> lodestar analysis into § 406 contingency fee determinations, as this "would run counter to clear Congressional intent in adopting and amending § 406, overlook the spirit of the Supreme Court's ruling in <u>Gisbrecht</u>, and contravene the Eleventh Circuit's guidance in <u>Bergen</u>." <u>Id.</u> Moreover, the Court recognizes that the discount for the low probability of success supports a finding of reasonableness even where simple number-crunching results in a high hourly rate.

With these principles in mind, the Court finds that the requested fee is not unreasonable under <u>Gisbrecht</u>. The contingency agreement in this case was limited to 25% of Plaintiff's recovered benefits. Plaintiff's attorney spent 17.70 hours. Under the terms of his contract with plaintiff, he is due to receive $24,792.72 in attorney's fees, which equals "25 percent (25 %) of Plaintiff COX's $111,225.30 in past due benefits for the time period July 2002 through

December 2010" (less the EAJA fees already awarded).  The Court finds no delay attributable to counsel, finds that this was a contested case where the outcome was far from certain, and finds that the amount of time expended was not disproportionate to the amount recovered. Accordingly, the Court finds nothing unreasonable about this fee request, and it is hereby

    **ORDERED AND ADJUDGED:**

1. The motion for attorneys' fees, Doc. 29, is GRANTED.  Pursuant to 42 U.S.C. § 406(b), and the contingency fee agreement in this case, Plaintiff is entitled to a net award of $24,792.72 in attorney's fees, payable from the portion of the past due benefits awarded to the claimant and withheld from the claimant by the Commissioner.  This equals 25 percent of Plaintiff COX's $111,225.30 in past due benefits less the $3,013.61 previously paid by the Defendant Commissioner as an E.A.J.A. fee.

2. The plaintiff's counsel is also directed to accompany any motion for 406(b) fees in future cases with a record of the hours spent representing the claimant, a statement of any delay attributable to counsel, and a statement of the lawyer's normal hourly billing charge for non-contingent fee cases, as an aid to the Court's assessment of the reasonableness of the fee yielded by the fee agreement in each case.

    **DONE AND ORDERED** this  14th   day of June, 2011

                  *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge